1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUEL ARREOLA,

              Petitioner,

   v.

OFFICER CRABTREE,

              Respondent.

_____/

No. C 12-06512 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus."  Petitioner alleges that prison officials at Salinas Valley State Prison have violated his constitutional rights, including the following: "property damaged and intentionally lost, denied prefared [sic] access to the courts, [and] retaliation by staff . . . ."  (Pet. at 11.)  Petitioner has also filed an application to proceed *in forma pauperis* (IFP).

      The petition does not challenge either the fact of Petitioner's conviction or the length of his sentence.  Rather, it goes entirely to the conditions of his confinement.  A federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

      While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case.  The habeas petition does not include the information necessary to state a civil rights violation.  It does not link the named

**United States District Court**
For the Northern District of California

1   respondent to the claim, does not state who actually committed the violation complained of, does not

2   include a prayer for relief, such as damages or injunctive relief or both.  It was not accompanied by

3   the correct filing fee for a civil rights case.  Accordingly, the Court directs Petitioner to file a civil

4   rights complaint on the attached civil rights complaint form, stating his claims for relief, if he wishes

5   to go forward with this action as a civil rights action.  The failure to file a completed civil rights

6   complaint as directed below will result in the dismissal of this action without prejudice.

7        Before filing his complaint, Petitioner must ensure that he has exhausted all of his

8   administrative remedies.  The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C.

9   § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42

10  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

11  correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.

12  § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases

13  covered by 1997e(a) is now mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  All available

14  remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be

15  'plain, speedy, and effective.'"  *Id.* (citation omitted).  Even when the prisoner seeks relief not

16  available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.*;

17  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner

18  suits about prison life, whether they involve general circumstances or particular episodes, and

19  whether they allege excessive force or some other wrong.  *Porter*, 534 U.S. at 532.  The PLRA's

20  exhaustion requirement requires "proper exhaustion" of available administrative remedies.

21  *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

22       The State of California provides its prisoners the right to appeal administratively "any

23  departmental decision, action, condition or policy perceived by those individuals as adversely

24  affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file

25  appeals alleging misconduct by correctional officers and officials.  *Id.* 3084.1(e).  In order to exhaust

26  available administrative remedies within this system, a prisoner must proceed through several levels

27  of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;

28  (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director

**United States District Court**
For the Northern District of California

1    of the California Department of Corrections and Rehabilitation. *Barry v. Ratelle*, 985 F. Supp. 1235,

2    1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's

3    level of review satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

4                                           **CONCLUSION**

5            For the foregoing reasons, Petitioner's case is DISMISSED with leave to amend. Petitioner

6    must file his complaint no later than **twenty-eight (28) days** from the date of this Order. Petitioner

7    must write the case number for this action --  Case No. C 12-06512 YGR (PR) -- on the form and

8    complete all sections of the form. Petitioner is particularly directed to name as defendants each

9    person who caused a violation of his constitutional rights and explain what each person did to cause

10   the violation. Liability under § 1983 arises only upon a showing of personal participation by the

11   defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no *respondeat superior*

12   liability under § 1983, i.e., no liability under the theory that a supervisor is responsible for the

13   actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

14   1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that

15   defendant proximately caused deprivation of federally protected right).

16           Because Petitioner originally filed this case as a habeas corpus action, his IFP application is

17   DENIED without prejudice to filing a new application or paying the full filing fee. The filing fee for

18   a civil rights action is $350.00. Petitioner must pay the $350.00 filing fee, or file an application for

19   leave to proceed IFP, before this action may proceed. If Petitioner is a prisoner who alleges that he

20   is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a

21   statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for

22   the prisoner for the six-month period immediately preceding the filing of the action, obtained from

23   the appropriate official of each prison at which the prisoner is or was confined. *See* 28 U.S.C.

24   § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee

25   at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee

26   must be paid by way of an installment plan, according to which the court first will assess and collect

27   a partial filing fee from the prisoner, and then the prisoner will be required to make monthly

28   payments of twenty percent of the preceding month's income credited to the prisoner's account until

the full $350.00 filing fee is paid.  *Id*. § 1915(b)(1).  The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars.  *See id.*   Accordingly, Petitioner is hereby ORDERED to pay the requisite $350.00 filing fee in this action no later than **twenty-eight (28) days** from the date of this Order.  He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. C 12-06512 YGR (PR).  In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than **twenty-eight (28) days** from the date of this Order.

**Failure to file a completed civil rights form and to pay the filing fee or file the requisite documents within the twenty-eight-day deadline shall result in dismissal of this action without prejudice**.

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner IFP application form along with his copy of this Order.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: February 19, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

*United States District Court*
*For the Northern District of California*